ABIJAH WOODWARD & others *vs.* JAMES I. LIBBY.

*Contract—goods sold and delivered.*

On May 12th, the defendant purchased by sample of the plaintiffs sixty-six barrels of sound beans. On the 24th June, the defendant ordered, and on the 26th received from the plaintiffs fifteen barrels of medium beans, and thereupon, for the first time, notified the plaintiffs that fifteen barrels of the former lot were mouldy, and he had ordered the latter lot to replace the mouldy ones, which he then returned. In an action to recover for the latter lot, *Held,* that the latter lot could not be substituted for the mouldy beans without the assent of the plaintiffs, and that the plaintiff could recover their value on account annexed.

ON EXCEPTIONS to the ruling of *Goddard,* J., of the superior court, for the county of Cumberland.

ASSUMPSIT on an account annexed for fifteen barrels medium beans.

Plea, general issue, with a brief statement that the defendant would rely upon an agreement of the plaintiffs made in relation to a certain lot of beans which were sold to the defendant as sound, but which were, in fact, unsound, and which the plaintiffs agreed with the defendant to replace by sound beans ; that the beans men-

tioned in the writ were substituted for the unsound beans, and that they had been paid for.

On the part of the plaintiffs, a letter to them from the defendant, dated June 24, 1869, was put in, of the following tenor:

" Gents,—Please send me, by steamer, fifteen barrels good medium beans."

It also appeared ·that fifteen barrels, good medium beans were sent by the plaintiffs to the defendant on June 25, 1869, as ordered, and that they were worth the price named in the bill.

The letter from the defendant to the plaintiffs, dated June 26, 1869, of the following tenor, was put in, together with an invoice of fifteen barrels of beans, of same date:

" Gents,—May 12th, I bought of you sixty-six barrels medium beans by your showing four or five barrels good sound beans as sample. The agreement was, if not as good as the sample barrels, they were to be made as good; I have just got through them, and find fifteen barrels of them soft, mouldy, and musty—damaged—not being in any respect as good, or anywhere near as good as sample barrels shown me. I ordered fifteen barrels good ones to replace them, and have this day returned you the fifteen barrels damaged ones, by P. & B. Steamboat Co., as per invoice inclosed. I want you just to examine them way through, and see what poor stuff they are. If I should sell such stuff to any one by showing them a good sample, I should expect them to send it back, if it was as far off as California. They seem to be all one mark, '*Pease.*' The fifteen barrels I received from you this morning by boat, to replace them, are poor, not such as I ordered, or such as I want."

The defendant testified substantially that on May 12, 1869, he purchased of the plaintiffs, at their storehouse, sixty-six barrels of medium beans, by sample, they to make them all as good as the sample; received them the next day in Portland; that fifteen barrels of a certain brand were mouldy; but it was not ascertained until June 24th, following; that he headed them up, copied the invoice, and sent them, with the letter of June 26th, to the plaintiffs; that he received the fifteen barrels of beans in suit; that when

Woodward *v.* Libby.

they were sent, there was no agreement with ·the plaintiffs that these fifteen barrels were sent as a substitute of the fifteen barrels of bad beans.

The justice instructed the jury, *inter alia,* that if they find that defendant was entitled, upon the evidence and the law as already given them, to return fifteen barrels of the beans which he had bought of plaintiffs, and paid for, and to demand and receive back the price paid, and he did seasonably return them to plaintiffs, and in the mean time defendant had come lawfully and by plaintiffs' consent into possession of these fifteen barrels, for the price of which this suit is brought, without any express promise to pay for them, or any promise other than may be implied by law, and defendant saw fit to accept them in place of the other fifteen barrels, and appropriated them for that purpose, and immediately notified plaintiffs of that appropriation and acceptance; that in that case defendant had a right so to accept and appropriate them without any assent expressed by plaintiffs, provided the value of the beans so accepted and appropriated was no greater than the price he had paid plaintiffs for the beans returned. .

The jury rendered a verdict for the defendant, and the plaintiffs alleged exceptions.

*J. & E. M. Rand,* for the plaintiffs.

*A. A. Strout,* for the defendant.

APPLETON, C. J.   On 24th June, 1869, the defendant by letter requested the plaintiffs to send him, " by steamer, fifteen barrels good medium beans," which the plaintiff forwarded, as requested, on the next day, and they were received by the defendant on 26th June.   Upon proof of these facts the plaintiffs were entitled to recover, no objection being made to their quality.

The defense was, that on the preceding 12th May the defendant had purchased sixty-six barrels of beans, of which fifteen were defective; but he had not given the plaintiffs notice of their quality until after the beans in controversy had been received by him.

Upon their being received, on 26th June, he wrote plaintiffs, complaining for the first time of the worthlessness of fifteen barrels of those purchased in May, and claiming to hold the fifteen barrels received that morning, to replace the fifteen barrels of poor beans, which he returned that day, but which the plaintiffs testified had not been received in the following October, when this suit was commenced.

It is manifest, from the dates of the correspondence, that the beans, to recover the payment of which this suit is brought, were not sent by the plaintiffs to replace the poor beans, purchased in the preceding May, for the defendant still retained those, without having made any complaint, or given any notice of their defectiveness. They were sent in pursuance of an order, and when received, the sale was perfected.

To authorize the defendant to hold the beans last sent, to replace the defective ones on hand, there must have been a contract of exchange. But the defendant proposed no such contract, and the plaintiffs knew of no complaint on the defendant's part, or any wish that he would send good beans to replace the alleged bad ones. There was no account in set-off, if such account would have availed the defendant. This is not a case for recoupment, for there is nothing from which to recoup, and the bargains of 12th May, and of June 24th were as distinct, though relating to the same kind of produce, as if they had been for different articles of merchandise.

If the defendant has a claim against the plaintiffs, arising out of the sale of May 12th, his remedy is by suit, but it is no defense to this action that the plaintiffs may have violated some other and different contract made long prior. The consent of the parties to an exchange is as necessary as to a sale. The instruction that the defendant had a right to appropriate the beans sold on 24th June, in satisfaction of his outstanding claim for damages, without the plaintiff's assent, was erroneous.                *Exceptions sustained.*

CUTTING, KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.